**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 11, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40875
_____

DONALD C. DENMAN, TIMOTHY H. SCOTT, ELKE M. CRUMP,
JAMES C. READER, AND SHERREE E. DOUGLAS,

Plaintiffs-Appellants,

versus

MAXEY CERLIANO, Sheriff, Gregg County Jail;
GREGG COUNTY, TEXAS,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Texas
Docket No. 6:03-CV-00013-WMS

Before JONES, Chief Judge, and BARKSDALE and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

Appellants in this age discrimination suit appeal the
district court's grant of summary judgment in favor of the former
employer. Because Appellants do not present evidence of age
discrimination beyond their own subjective beliefs, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

# I. Background

This age discrimination case involves five former employees[1] (collectively, "Appellants") of Gregg County Sheriff Maxey Cerliano. Cerliano was elected sheriff in 2000; he assumed office on January 1, 2001, and retained Appellants, who had been employees of the previous sheriff. Each of the Appellants worked as a jailer or jail supervisor in the Gregg County Jail.

Various Texas laws and regulations specify the number of jailers that are supposed to be on duty at any given time in a county jail. Further, jailers are required to make hourly "walk-through" security checks of the jail facilities and all inmates, and to maintain written records of their findings. At the Gregg County Jail, a log was maintained for this purpose. It is the contention of Appellants that the Gregg County Jail was under-staffed and frequently overcrowded, and that due to staffing issues, Appellants were often unable to complete their "walk-through" inspections. In any event, both sides are in agreement that Appellants filled in portions of the security log with false entries.

In late April, 2002, the Texas State Jail Commission inspected the county jail and gave it failing marks for its being understaffed. Shortly thereafter, Cerliano received two confidential reports from jail staff indicating that jailers were falsi-

---

[1] The five former employees are Donald Denman, Timothy Scott, Elke Crump, James Reader, and Sherree Douglas.

fying records. Two employees identified the Appellants as being responsible for the falsification of records. An investigation was conducted, and Cerliano ultimately made the decision to terminate Appellants. The Appellants were first given the option of retiring or resigning, which three of the five accepted; the remaining two Appellants refused to resign, and were subsequently discharged.

Appellants filed suit against Gregg County ("the County"), alleging that they had been wrongfully terminated under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. The Appellants also brought a claim under 42 U.S.C. § 1983 against the County and Cerliano in his individual capacity for retaliation over their exercise of First Amendment rights. Both sides then moved for summary judgment. The district court, Judge John Hannah, granted summary judgment to Cerliano and the County on Appellants' § 1983 claim, but denied summary judgment as to Appellants' ADEA claims, holding that Appellants had made a sufficient showing of pretext to justify a trial. Before the case could be tried, Judge Hannah passed away, and was ultimately replaced by Judge William Steger. The County again moved for summary judgment; Judge Steger granted the motion, holding that Appellants had failed to present sufficient evidence of pretext, and that in the alternative, Gregg County was not the Appellants' employer for the purposes of the ADEA. A judgment for Appellees was entered, and Appellants brought this timely appeal, challenging only Judge Steger's holdings.

3

## II. Discussion

This court reviews a district court's grant of summary judgment de novo. <u>Evans v. City of Houston</u>, 246 F.3d 344, 347 (5th Cir. 2001). Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); <u>see also</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 312-33, 106 S. Ct. 2548, 2552-53 (1986). On a motion for summary judgment, a court must review the facts in the light most favorable to the nonmovant. <u>Walker v. Thompson</u>, 214 F.3d 615, 624 (5th Cir. 2000).

The ADEA makes it unlawful for an employer "to discharge any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1). "When a plaintiff alleges disparate treatment, 'liability depends upon whether the protected trait (under the ADEA, age) actually motivated the employer's decision.' That is, the plaintiff's age must have 'actually played a role in [the employer's decisionmaking] process and had a determinative influence on the outcome.'" <u>Reeves v. Sanderson Plumbing Prods., Inc.</u>, 530 U.S. 133, 141, 120 S. Ct. 2097, 2105 (2000) (quoting <u>Hazen Paper Co. v. Biggins</u>, 507 U.S. 604, 610, 113 S. Ct. 1701, 1706 (1993)).

4

Where, as here, the plaintiff has failed to produce any direct evidence of discrimination, this court applies the familiar McDonnell Douglas burden-shifting framework to analyze ADEA claims. To survive summary judgment, a plaintiff must first establish a prima facie case of discrimination by a preponderance of the evidence. Pratt v. City of Houston, 247 F.3d 601, 606 (5th Cir. 2001) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04, 93 S. Ct. 1817, 1824-25 (1973)). If the plaintiff succeeds in establishing a prima facie case, there exists a presumption of discrimination by the employer, who is required to provide the court with a legitimate, nondiscriminatory reason for the challenged actions. McDonnell Douglas, 411 U.S. at 802-04, 93 S. Ct. at 1824-25. If the employer furnishes the court with a legitimate, nondiscriminatory reason for its actions, the burden shifts again to the plaintiff to provide the court with evidence "that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." Reeves, 530 U.S. at 143, 120 S. Ct. at 2106. Absent a showing that the nondiscriminatory reason offered by the defendant is false, a "plaintiff must substantiate his claim of pretext through evidence demonstrating that discrimination lay at the heart of the employer's decision." Price v. Fed. Express Corp., 283 F.3d 715, 720 (5th Cir. 2002). Thus, it is the plaintiff who is left with the ultimate burden of proving discrimination. Sandstad v. CB Richard Ellis, Inc., 309 F.3d 893, 897 (5th Cir. 2002).

Both district court judges concluded, and the County does not now contest, that Appellants properly established a prima facie case of discrimination. The County in response claimed that Appellants had been terminated because of their failure to tend to their responsibilities as jailers, as well as their involvement in the falsification of records at the county jail. In response to this legitimate, nondiscriminatory explanation for their being terminated, Appellants in fact concede that they played varying roles in the falsification of records. Appellants nevertheless argue pretext because (1) other jailers played a role in the falsification of records and were not terminated; (2) Cerliano knew or should have known of the staffing issues that precipitated Appellants' need to skip hourly security checks at the jail; and (3) terminating Appellants allegedly allowed Cerliano to dodge criticism for his own mismanagement. Appellants' case essentially boils down to an argument that Cerliano is actually to blame for the jail's problems, and that his decision to terminate Appellants was overly severe and based largely upon his own selfish motives.

Even accepted as true, however, Appellants' allegations cannot satisfy the final step in the McDonnell Douglas inquiry, as such allegations provide this court with no evidence whatsoever indicating that age discrimination was at the heart of Cerliano's decision to terminate Appellants. "The ADEA was not . . . intended to transform the courts into personnel managers. The ADEA cannot protect older employees from erroneous or even arbitrary personnel

6

decisions, but only from decisions which are unlawfully motivated." Bienkowski v. Am. Airlines, Inc., 851 F.2d 1503, 1507-08 (5th Cir. 1988)(internal citations omitted). Absent evidence of unlawful discrimination on the basis of age, the ADEA does not provide older workers with a vehicle to bring suit against a former employer. Appellants produce a great deal of evidence attacking the merits of Cerliano's decision to terminate them, but rest entirely upon speculation and unsubstantiated belief when it comes to establishing unlawful motivation. Indeed, Appellants' theory of the case — that Cerliano fired Appellants to deflect attention from his failures as sheriff, or to remove employees who had been critical of his management — has nothing to do with issues of age discrimination. "[A]n employee's subjective belief of discrimination, however genuine, cannot be the basis of judicial relief," and as such, Judge Steger's grant of summary judgment to Appellees was appropriate. EEOC v. La. Office of Cmty. Servs., 47 F.3d 1438, 1448 (5th Cir. 1995).[2]

## III. Conclusion

As Appellants fail to produce any evidence indicating that their termination was motivated by age discrimination, the district court's grant of summary judgment is **AFFIRMED.**

---

[2] Because we conclude that the district court's grant of summary judgment to the County was proper, we need not reach the merits of the court's holding in the alternative that the County was not Appellants' employer for the purposes of the ADEA.